IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

FILED
AUG 03 2010
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

FRANK THORNBURG, )
)
      Plaintiff, )
)
v. ) Case No. CIV-09-269-KEW
)
FRAC TECH SERVICES, LTD., )
)
      Defendant. )

## OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Enforce Settlement (Docket Entry #62). This case brought under several legal theories came through the crucible of summary judgment with only one claim remaining – for a potential violation of the Oklahoma Workers' Compensation Act. In connection with that claim, Plaintiff offered the testimony of Johnny Smithy, who allegedly told Plaintiff he heard the supervisor over Plaintiff state they had to get rid of Plaintiff because of the worker's compensation claim he had filed. This Court rejected Plaintiff's testimony concerning Mr. Smithy's statement about others' statements as representing inadmissible hearsay. Mr. Smithy's deposition was not taken. A motion in limine was also granted which excluded Plaintiff's testimony concerning Mr. Smithy's statements.

After the entry of the order on summary judgment, the parties announced they had settled the remaining claim. On April 26, 2010, this Court entered a Judgment Dismissing Action by Reason of

Settlement. However, Plaintiff now refuses to sign the release proffered by Defendant.

The current dispute between the parties occurred post-settlement after Plaintiff recorded a telephone conversation with Mr. Smithy, allegedly on April 24, 2010. A copy of the recording and a transcript were delivered *ex parte* to this Court by Plaintiff's counsel. It will be filed of record under seal in this case. Plaintiff's counsel states as an officer of the court and after consultation with his former ethics professor from law school that his client believes Mr. Smithy did not testify in Plaintiff's case because of threats made against Mr. Smithy's brother, who is currently employed by Defendant. In his response to the motion to enforce settlement agreement, Plaintiff states he refuses to sign any release which might absolve Defendant and its agents from liability for improperly interfering with a witness who could have materially advanced his interests in this action.

This Court has thoroughly reviewed the transcript and recording provided by Plaintiff's counsel. This review has resulted in the conclusion that (1) Mr. Smithy's vitriolic and, at times, obscene rants reveal his considerable distrust and distaste for his former employer; (2) he has no desire to testify in Plaintiff's case, despite Plaintiff's repeated pleas for him to do so; (3) Mr. Smithy has no desire to be found to give a deposition in this case; (3) he wishes nothing but ill-will upon his former

employer; and (4) he has other problems in his personal life outside of his feeling he is being "blackballed" by Defendant in finding further employment. Plaintiff's counsel specifically directs this Court to page 15 of the transcript for evidence of witness tampering. The relevant exchange is as follows:

> Frank Thompson ("FT"): Yeah. I figured that the reason we couldn't get a hold of you was because if you'd come forward and told what you had told me, they might would fire Justin - cause Justin -
>
> Johnny Smithy ("JS"): That's a little deal too.
>
> FT: Which that would be a blessing too, he'd be away from that damn acid and all them chemicals.
>
> JS: Yeah, that's another deal too that was thrown in my face.
>
> FT: What did they say, they would fire him if you testified for me?
>
> JS: Not so much in them words, but the point was put across.
>
> FT: Pretty close?
>
> JS: Yeah.

Mr. Smithy's statements, largely urged and framed by Plaintiff in their conversations, do not reveal with sufficient specificity that Mr. Smithy did not testify because he had been threatened with action against his brother. Moreover, Defendant offers the affidavit of Ms. Sharon Hicks, the attorney for Defendant who Mr. Smithy contends contacted him, who states she never spoke to Mr. Smithy. Additionally, Mr. Smithy's brother offers the affidavit of Juston Smithey, a current employee of Defendant in West Virginia,

3

who states (1) he gave a deposition in this case; (2) it made no difference to him whether his brother testified in the case; (3) he never told Johnny Smithy not to testify or that he was afraid it would hurt his employment with Defendant; (4) he was prepared to testify at trial; and (5) he was never threatened or intimidated by Defendant in connection with this case.

Plaintiff has offered nothing of sufficient evidentiary persuasion which would justify his actions in failing to complete the settlement of the case. If Plaintiff is convinced Defendant has violated the law in its actions, a fact not borne out from the facts presented, he is free to pursue criminal charges with the appropriate authorities - such actions are outside the jurisdiction of this Court. No release of the claims asserted in this case would or could encompass a criminal prosecution. The settlement of this case, however, will be completed as the parties agreed.

IT IS THEREFORE ORDERED that the correspondence directed to the Court dated May 27, 2010 together with the attendant transcript be filed by the Clerk of the Court under seal in this case. The Clerk shall return the disk containing recording of the same conversation contained in the transcript to Plaintiff's counsel.

IT IS FURTHER ORDERED that Defendant's Motion to Enforce Settlement (Docket Entry #62) is hereby **GRANTED**. Plaintiff shall execute a release of claims against Defendant in connection with the matters asserted in this case no later than **AUGUST 10, 2010**.

Should Plaintiff fail to execute the release by that date, Defendant will be deemed to be released from further liability as to any civil claims arising against it or its agents from the factual allegations alleged in this action. Thereafter, Defendant shall provide the sum certain agreed upon in the settlement to Plaintiff's counsel by **AUGUST 16, 2010**. Upon the completion of the transaction, Defendant's counsel shall submit a motion to dismiss with prejudice and proposed order after review by Plaintiff's counsel and approval as to form by **AUGUST 20, 2010** and this matter will be closed.

IT IS SO ORDERED this 3rd day of August, 2010.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE